FILED
2001 AUG 22 AM 10: 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK VITO LACENERE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-TMP-1087-S |
| ) | |
| SHELBY COUNTY JAIL ) | |
| and CAPTAIN WATTS, ) | |
| ) | |
| Defendants. ) | |

ENTERED
AUG 22 2001

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 27, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). No objections have been filed.

On July 27, 2001, plaintiff filed a document entitled, "Motion for Change of Venue, (Defendants), which the court deems a motion to amend. As grounds for his motion, plaintiff states that the proper defendant in this case should have been Correctional Medical Services and not Shelby County Jail or Captain Watts. It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint*

9

*Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff seeks to substitute a medical corporation as a defendant. While a corporation providing prison medical services may be liable under § 1983 if it is established that the constitutional violation was the result of the corporation's policy or custom, *see Buckner v. Toro,* 116 F.3d 450 (11th Cir. 1997); *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986), such a corporation may not be held liable under § 1983 on the basis of *respondeat superior*, *see Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992); *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). Plaintiff has named Correctional Medical Services (CMS) as a defendant, but has not alleged that any policy or custom of CMS contributed in any way to the claimed constitutional violation. Because plaintiff has failed to state a claim upon which relief can be granted against the CMS, his motion to amend his complaint to substitute or add CMS as a defendant is due to be DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 22 day of August, 2001.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE